United States District Court
Southern District of Texas
ENTERED
JUL 22 1998
Michael N. Milby, Clerk of Court
By Deputy Clerk

United States District Court
Southern District of Texas
FILED
JUL 22 1998
Michael N. Milby, Clerk of Court

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE HERMILO ACEVEDO AND ALMA DELIA GUTIERREZ, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATES OF JOSE ACEVEDO AND NESTOR ACEVEDO | § § § § § § § | |
| VS. | § § | CIVIL ACTION NO. B-97-128 |
| UNION PACIFIC RAILROAD COMPANY | § § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On May 15, 1997, a car driven by fifteen year old Jesse Hernandez ("Jesse") was involved in a collision with a Union Pacific train in Olmito, Texas. Jesse and two passengers in the car were killed. Jesse's two brothers and his parents as well as the families of the two passengers have sued the Union Pacific Railroad Company ("the Railroad"). The two brothers, Luis Hernandez Jr. ("Luis") and Daniel Hernandez ("Daniel") have made a "bystander's claim" for damages. The Railroad has moved for Partial Summary Judgment on those claims. For the reasons set forth below, this motion should be granted.

### FACTS

For purposes of this motion the facts are presumed to be as stated by Luis and Daniel. They live three to four hundred yards away from the scene of the accident. At the time of the accident, Daniel was thirteen years old. He was at home when a family friend, Abel Pizano ("Abel"), came and told him and his brother that there had been an accident. Luis and Daniel went with Abel to the accident scene where he saw his brother in the wreck.

Luis, who was seventeen at the time of the accident, heard the noise of the crash, although he didn't know what it was. He and his brother rode with Abel to the accident scene. Abel had told him that he had seen a black car being dragged down the tracks by the train. Abel told Luis that he didn't know if it was his father's car or not.

All of these facts are taken from excerpts of the depositions of Luis and Daniel attached as exhibits to their response to the Railroad's motion.

## RECOMMENDATION

Texas law with respect to bystander claims is clear. The most recent Texas Supreme Court opinion relating to this issue is *United Services Automobile Association v. Dianna Keith*, ---S.W.2d--- (1998), 41 Tex. Sup. Ct. J. 928 (June 5, 1998).

Mrs. Keith was at home when a friend of her daughter woke her and told her that something had happened to her daughter. The friend drove Mrs. Keith to the accident scene where she heard her daughter crying out. The daughter later died.

In holding that Mrs. Keith did not have a bystander's claim as a matter of law, the Texas Supreme Court reiterated the requirements for these claims:

1. The plaintiff was located near the scene of the accident.

2. The plaintiff suffered shock as a result of a direct emotional impact upon the plaintiff from a sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence; and

3. The plaintiff and the victim were closely related.

The Hernandez brothers' claims fail because they cannot show that they "... suffered shock as a result of a direct emotional impact from a sensory and contemporaneous observance

2

of the accident, as contrasted with learning of the accident from others after its occurrence". In fact they learned of the accident from Abel who drove them to the scene. Plaintiff's counsel argued that the fact that Abel did not tell the Luis and Daniel that their brother had been involved in the accident meant that their first knowledge was when they saw the wrecked car. Assuming that to be true, their claim still fails. They did not have "... a sensory and contemporaneous observance of the accident...".

IT IS THEREFORE **RECOMMENDED** that Union Pacific Railroad Company's Partial Motion for Summary Judgment be **GRANTED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 22nd day of July 1998.

John Wm. Black
United States Magistrate Judge

3